IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TONYA LYNN GAUNDER,                §<br>§<br>    Plaintiff,                            §<br>§<br>v.                                            §   Civil Action No. 4:19-cv-01002-O-BP<br>§<br>COMMISSIONER OF SOCIAL      §<br>SECURITY,                                §<br>§<br>    Defendant.                         § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the Court believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court. Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

I.    **STATEMENT OF THE CASE**

The following facts are taken from the Findings, Conclusions, and Recommendation of the Magistrate Judge. FCR, ECF No. 15. Gaunder was born on December 28, 1964 and was 52 years old on the alleged disability onset date. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 10-1 at 115. Gaunder was categorized as an individual closely approaching advanced age (between the ages of 50 and 54) and remained in this category through the date of her hearing before the Administrative Law Judge ("ALJ"). *Id*. Gaunder has at least a high school education. *Id.*

Gaunder filed for DIB on April 18, 2017, alleging that her disability began on March 5, 2017. Tr. 100. The Commissioner initially denied Gaunder's claims on June 21, 2017 and denied them again on reconsideration on October 18, 2017. *Id.* Gaunder filed for SSI on June 4, 2018. *Id.* Gaunder requested a hearing, which was held before ALJ Carol K. Bowen on October 29, 2018, in Fort Worth, Texas, with Gaunder and her attorney present. *Id.* The ALJ escalated Gaunder's SSI claim to the hearing level for concurrent adjudication. *Id.* The ALJ issued an unfavorable decision on February 19, 2019, finding that based on the applications for DIB and SSI, Gaunder was not disabled. Tr. 117.

The ALJ employed the statutory five-step analysis and established during step one that Gaunder had not engaged in substantial gainful activity since March 5, 2017. Tr. 103. At step two, the ALJ determined that Gaunder has the severe impairments of scoliosis, lumbago, joint pain, and major depressive disorder. *Id.* At step three, the ALJ found that Gaunder's impairments did not meet or medically equal the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. Tr. 105. In particular, the ALJ concluded that Gaunder retained the residual functional capacity ("RFC")

> to perform light work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). She can lift or carry 20 pounds occasionally and 10 pounds frequently. She can push or pull to the same limits as lift or carry. She can stand or walk for 4 hours and sit for 6 hours in an 8-hour workday. She cannot climb ladders, ropes, or scaffolds and cannot crawl. She can occasionally stoop, kneel, and crouch. Mentally, she retains the ability to understand, remember, and carry out on a regular and continued basis detailed but not complex tasks, make decisions, maintain attention and concentration for extended periods, interact with others, respond appropriately to supervision, coworkers, and unusual work situations, and deal with changes. She is capable of occasional teamwork or collaboration with coworkers.

Tr. 107-08. At step four, the ALJ found that Gaunder is not able to perform her past relevant work as a claims adjuster, biller and medical coder, or customer service clerk. Tr. 114. At step five, the

ALJ found that jobs that Gaunder could perform existed in significant numbers in the national economy, so a finding of "not disabled" was appropriate. Tr. 115-16.

The Appeals Council denied review on October 9, 2019. Tr. 5. The Magistrate Judge issued Findings, Conclusions, and Recommendations on September 28, 2020. FCR, ECF No. 15. Gaunder filed objections to the FCR on October 12, 2020. Objection, ECF No. 16. Therefore, the Court reviews the FCR de novo.

## II.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)–(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100–03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P,

Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 404.1545(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197–98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence

is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III. ANALYSIS

Gaunder raises two issues in her objection. She claims that the ALJ (1) failed to properly evaluate the medical opinion evidence, and (2) the ALJ substituted her own medical judgment to determine Gaunder's functional limitations in interacting with others. Objection 1, ECF No. 16. In light of these objections, the Court reviews the FCR de novo.

#### A. The ALJ properly evaluated the medical opinions.

Gaunder claims that the ALJ failed to give the opinion of Dr. Karten proper weight in the analysis. Objection 3, ECF No. 16. Specifically, Gaunder believes Dr. Karten's opinion that Gaunder "is unable to make personal, social, occupational adjustments now, but with treatment and in about a year's time, is likely to show improvement in all functional areas" and that "the Plaintiff's depression and anxiety are uncontrolled" should've been given more weight. *Id*. Despite these opinions, the ALJ found that Gaunder only has a mild limitation in her ability to adapt or manage herself. *Id*. Gaunder argues that the ALJ failed to properly weigh the medical opinion of Dr. Stephen J. Kartan, but instead relied on the opinion of the State Agency Medical Consultant ("SAMC"). Brief 10, ECF No. 12. Gaunder also contends that there is "a substantial and significant conflict between" the opinion of Dr. Kartan, the treatment source, and the SAMC's opinion regarding her mental capacity to perform daily tasks. *Id*. at 8. Additionally, Gaunder claims that the ALJ erred by not explaining why she gave greater weight to the opinion of SAMC rather than the treating physician or the consultative physician. *Id*.

The Social Security Administration states that it "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative

5

medical finding(s), including those from [the claimant's] medical sources." *Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520c(a)). As of January 18, 2017, an ALJ is required to discuss the persuasiveness of medical opinion(s) or prior administrative finding(s) for all claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c(b). In determining the persuasiveness of each medical opinion or prior administrative finding, the ALJ must consider five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (including: (i) length of treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of treatment relationship, (v) examining relationship), (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. § 404.1520c(c) An ALJ must explain how she considered the supportability and consistency factors for a medical opinion or a prior administrative medical finding in her determination. *Id*. § 404.1520c(b)(2). However, an ALJ may, but is not required, to discuss how she considered the medical source's relationship with the claimant, specialization, or other factors in her determination. *Id*.

When an ALJ determines that there are multiple medical opinions or prior administrative medical findings about the same issue that are equally persuasive in terms of supportability and consistency with the record, she must further discuss how she considered the opinions or prior administrative findings. *Id*. § 404.1520c (b)(2). In this circumstance she also must discuss how she considered the relationship with the claimant, specialization, or other factors in her determination. *Id.*

The ALJ determined the SAMC's opinion was persuasive because the assessment was "generally consistent with and supported by treatment notes in the record." Tr. 112. Additionally, the ALJ assessed that Dr. Kartan's opinion was unsupported because it "did not provide answers

to the mini-mental status examination" that would support her suggested restrictions. Tr. 113. Further, the ALJ stated that Dr. Kartan's analysis was inconsistent with the statements that Gaunder had "minimal, if any, problems with concentration and memory." *Id.* Therefore, the Court finds the ALJ properly synthesized the opinions of the doctors and prior administrative findings to conclude that Gaunder was not disabled.

### B. The ALJ properly considered Gaunder's mental limitations in the RFC.

Gaunder argues that the ALJ erred by formulating an RFC that included a finding that she is capable of occasional teamwork or collaboration with coworkers because there was no evidence in the record to support this finding. Brief 10-11, ECF No. 12. In response, the Commissioner argues that substantial evidence supports the RFC determination, as demonstrated by both the medical and non-medical evidence contained in the record. Brief 13-14, ECF No. 13. The Commissioner also asserts that the ALJ did not substitute her medical judgment for the opinion of medical professionals, but instead properly interpreted the medical evidence to determine Gaunder's capacity for work. *Id*. at 14-15.

A claimant's RFC is the *most* the claimant can still do despite the claimant's impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 404.1545(a)(1) (2020) (emphasis added). The ALJ is not required to expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ

considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 404.1545.

In determining a claimant's physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id*. § 404.1545(b). In determining the claimant's mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id*. § 404.1545(c). The ALJ uses what is known as the "paragraph B criteria" to rate the degree of the claimant's mental limitations in four areas: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id*. § 404.1520a; *see id*. Part 404, Subpart P, Appendix 1. Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d).

When evaluating the extent of a claimant's ability to do physical and mental work activities, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(3). Gaunder argues that the RFC is not supported by substantial evidence. Objection 1, ECF No. 16. However, it is the claimant who bears the burden of presenting evidence of disability, and the ALJ's duty is to develop all relevant facts, not to collect all existing records. *See Audler*, 501 F.3d at 448; *Sun v. Colvin*, 793 F.3d 502, 509 (5th Cir. 2015). To upset the ALJ's decision, the plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist. *Newton*, 209 F.3d at 453. Contrary to Gaunder's assertion, the ALJ here did not "rely on her own unsupported opinion as to the limitation presented by the applicant's medical conditions." Objection 1, ECF No. 16. Gaunder has not articulated why the ALJ's conclusion was not supported

by substantial evidence, other than Gaunder's argument that the favorable opinion of Dr. Kartan was not given more weight. As discussed previously, the opinions were properly considered. Additionally, Gaunder's disagreement with the ALJ's formulation of the RFC does not carry her burden of establishing that substantial evidence does not support the ALJ's determination. Substantial evidence supported the ALJ's conclusion, despite Gaunder's disagreement with her conclusion, and reversal is not required on this point.

## IV.    CONCLUSION

After reviewing the Findings, Conclusions, and Recommendations of the Magistrate Judge and Gaunder's objections, the Court believes the Commissioner's decision is correct. Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **19th day** of **October, 2020.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

9